UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22476-CIV-SEITZ/Turnoff

AUTREY CANADATE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1), referred to the undersigned for resolution by the Honorable Patricia A. Seitz, United States Senior District Court Judge for the Southern District of Florida. (ECF No. 3). Upon careful review of the filings, the record, the relevant authority, and being otherwise duly advised in the premises, the undersigned makes the following findings and **RECOMMENDS** that the Petition be **DENIED**.

### Summary Factual and Procedural Background

On October 4, 2012, Petitioner Autrey Canadate was indicted for possessing a firearm having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 1); possessing with intent to distribute a detectable amount of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A)(I) (Count 3). (CRDE No. 7).[1]

---

[1] Citations to the docket in the underlying criminal case, No. 12-cr-20760-PAS, are as follows: (CRDE No. __).

On June 6, 2013, Canadate pled guilty to Count 1 of the Indictment for possession of a firearm by a previously convicted felon, and the government agreed to dismiss Counts 2 and 3. (CRDE No. 43, 45).

At sentencing, Canadate was subject to the Armed Career Criminal Act's ("ACCA") 15-year mandatory minimum sentence. 18 U.S.C. § 924(e), though the presentence investigation report ("PSI") did not specify which prior convictions constituted the predicate for his ACCA status. In the plea agreement, Canadate agreed that he had four prior felony convictions.[2] On October 8, 2013, he was sentenced to 180 months' imprisonment on Count I, followed by two years of supervised release. (CRDE No. 55, 56).

Canadate now seeks relief from his conviction under § 2255, in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), which held that the ACCA's "residual clause," set forth in § 924(e)(2)(B)(ii), was unconstitutionally vague. (ECF No. 1). The petition is timely because it was filed less than one year after Johnson was decided. Review is proper because, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the Johnson decision "announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

Canadate argued that two of the violent felony convictions relied upon by the Court in

---

[2](a) Possession with the Intent to Distribute or Sell Cocaine, in violation of Fla. Stat. § 812.13(1)(a)(1), Case No. F02-037370;

(b) Attempted Armed Robbery, in violation of Fla. Stat. §§ 812.13(2)(B), 777.04, and 775.087, Case No. F08-044814A;

(c) Aggravated Assault with a Firearm, in violation of Fla. Stat. §§ 784.021(1)(A) and 775.087, Case No. F10-009460; and

(d) Possession with the Intent to Distribute or Sell Cocaine, in violation of Fla. Stat. § 893.13(1)(A)(1), Case No. F11-026230B.

sentencing him as an armed career criminal no longer qualified as predicate "crimes of violence," under the ACCA. Thus, because he no longer had three qualifying predicate convictions, Canadate argued that he was no longer an armed career criminal.

The PSI and the Plea Agreement identified the same four predicate convictions relied upon by the Court for Canadate's ACCA sentencing enhancement.[3] See PSI (CRDE No. 51); Plea Agreement (CRDE No. 45). Two of theses convictions were serious drug offenses, PSI ¶¶ 3, 27, 42, while the other two were violent felonies, PSI ¶¶ 3, 37, 39. The two felony drug convictions are not at issue here. In fact, Canadate does not contest that these convictions qualify as predicate convictions under the ACCA. The only issue is whether the two violent felony convictions for attempted armed robbery and aggravated assault with firearm, relied upon by the Court for the ACCA enhancement, still qualify as predicate convictions without reliance on the residual clause. If either conviction still qualifies as a violent felony, then Canadate's sentence was properly enhanced under the ACCA.

## Johnson v. United States

For contextual purposes, a brief review of the applicable law is in order.

The Armed Career Criminal Act ("ACCA") requires an enhanced sentence for a defendant having three prior predicate convictions and who has been convicted under 18 U.S.C. § 922(g), which, *inter alia*, prohibits a felon from possessing a firearm. 18 U.S.C. §924(e)(1).

The ACCA defines the term "violent felony" as: "any crime punishable by imprisonment for

---

[3]The PSI reflected that Canadate also has a 2006 felony conviction for Shooting or Throwing a Deadly Missile, PSI ¶ 34, which, he argued, was not a violent felony under the ACCA. According to the government, there is nothing in the record to suggest that the Court relied upon this conviction as a predicate conviction for Canadate's ACCA enhancement. Thus, Canadate's Shooting or Throwing a Deadly Missile conviction was not addressed herein.

a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(I) and (B)(ii).

Paragraph (i) is commonly referred to as the "elements clause," the first part of paragraph (ii) listing felonies is referred to as the "enumerated offenses clause," while the concluding part of paragraph (ii) is referred to as the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). A predicate conviction for a violent felony can qualify under any of these clauses.

On June 26, 2015, in Johnson v. United States, the Supreme Court found that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and violated the Constitution's guarantee of due process. 135 S. Ct. 2551, 2563 (2015).

Canadate argued that the Court increased his sentence under the unconstitutional residual clause of the ACCA, while the government argued that, regardless, the predicate convictions for the ACCA enhancement both remained violent felonies under the elements clause of the ACCA and thus were properly considered in Canadate's sentencing.

## Discussion

Canadate was convicted of attempted armed robbery under Fla. Stat. § 812.13(2)(B). He argued that the Florida robbery statute was categorically overbroad pursuant to Descamps v. United States, 133 S. Ct. 2276 (2013). The government correctly argued that the Eleventh Circuit has affirmed that armed robbery is a violent felony under the elements clause of the ACCA, even after

Descamps, which addressed whether the modified categorical approach could be used when examining whether a prior felony conviction qualified as a predicate violent felony under the enumerated clause. See In re Hires, 825 F.3d 1297, 1302 (11th Cir. 2016) (finding that prior ACCA predicate convictions for robbery and armed assault qualified under the elements clause without regard to the ACCA's residual clause); In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016) (finding that two prior convictions for armed robbery qualified as ACCA predicates under the elements clause); In re Robinson, 822 F.3d 1196, 1197 (11th Cir. 2016) ("Neither Johnson nor any other case suggests that Robinson's armed robbery...offense[] do[es]n't count as [an] ACCA predicate[] under the 'elements clause.' Indeed, our precedent says otherwise. This means Robinson's sentence is valid even without ACCA's 'residual clause.'").

Moreover, in In re Hires, the Eleventh Circuit stated:

> Consistent with In re Thomas, Johnson involved the residual clause and does not serve as a portal to relitigate whether a prior robbery conviction or another conviction qualifies under the elements clause. The same is true here. Hires cannot use Johnson as a portal to challenge his ACCA predicates of aggravated assault and robbery based on Descamps.

825 F.3d 1297, 1303 (11th Cir. 2016),

As the Eleventh Circuit recently noted in United States v. Stokeling, it has been held many times that "a conviction under the Florida robbery statute categorically qualifies as a violent felony under the elements clause of the Act." No. 16-12951, 2017 WL 1279086, at *1 (11th Cir. Apr. 6, 2017); see United States v. Anthony, Nos. 4:13cr103-RH/CAS, 4:16cv368-RH/CAS, 2017 WL 2656022, at *1 (N.D. Fla. Jun. 17, 2017) (recognizing that under the law of the Eleventh Circuit "armed robbery and attempted armed robbery remain violent felonies").

Furthermore, it follows that if an armed robbery satisfies the elements clause of the ACCA,

then an attempt to commit that crime does as well. See United States v. Lockley, 632 F.3d 1238, 1245 (11th Cir. 2011) (finding that attempted robbery satisfied the elements clause of the analogous "crime of violence" provision of the Sentencing Guidelines). Because Canadate's attempted armed robbery conviction has as an element the use, attempted use, or threatened use of physical force against the person of another, it is a violent felony under the elements clause of the ACCA. See 18 U.S.C. § 924(1)(2)(B)(I).

Second, Canadate argued that a conviction for aggravated assault under Fla. Stat. §784.021 was not a violent felony for ACCA purposes because a person could be convicted thereunder upon a *mens rea* akin to recklessness. The government argued that Canadate's conviction for aggravated assault with firearm qualifies as a violent felony also under the elements clause of the ACCA. In Turner v. Warden Coleman FCI, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by* Johnson, 135 S. Ct. 2551, the Eleventh Circuit held that, "[b]y its definitional terms, the offense necessarily includes an assault, which is 'an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so.'" The government argued that the Eleventh Circuit has confirmed that this is still the law after Descamps. See In re Rogers, 825 F.3d 1335, 1341 (11th Cir. 2016) (citing Turner, 709 F.3d at 1338) ("We previously have held that a conviction under Florida's aggravated assault statute categorically qualifies as a violent felony under the ACCA's still-valid elements clause."); In re Hires, 2016 WL 3342668, at *4.

## Conclusion

Canadate's convictions for attempted armed robbery and aggravated assault with firearm qualify as predicate offenses under the ACCA's elements clause, 18 U.S.C. § 922(e)(2)(B)(I). As

such, Canadate's sentence was properly enhanced under the ACCA.

### Recommendation

In light of the foregoing, and given this Court's limited review, it is **RESPECTFULLY RECOMMENDED** that Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(c), the parties may file written objections to this Report and Recommendation with Judge Seitz, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, on this 18th day of August 2017.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**